```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
UNITED STATES OF AMERICA                                           :
                                                                   :          PRELIMINARY ORDER OF
              - v. -                                               :          FORFEITURE AS TO
                                                                   :          SPECIFIC PROPERTY
TYRONE WOOLASTON,                                                  :
                                                                   :          S2 18 Cr. 212 (AJN)
                        Defendant.                                 :
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about January 17, 2019, TYRONE WOOLASTON (the

"Defendant") was charged in a two-count Superseding Indictment, S2 18 Cr. 212 (AJN) (the

"Indictment"), with conspiracy to distribute and to possess with the intent to distribute cocaine, in

violation of Title 21, United States Code, Section 846 (Count One); and with use of a firearm

during and in relation to, and possession of a firearm in furtherance of, the narcotics trafficking

conspiracy charged in Count One, in violation of Title 18, United States Code, Sections 924(c)

and 2 (Count Two);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One,

seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of

any and all property constituting or derived from, proceeds obtained directly or indirectly, as a

result of the commission of the offense charged in Count One of the Indictment, and any and all

property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the  offense charged in Count One of the Indictment, including but not limited to

a sum of money in United States currency representing the amount of proceeds traceable to the

commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about February 11, 2018, the Government seized the following property: (i) $6,000.00 in United States currency seized from Xavier Williams in Secaucus, New Jersey; (ii) a .40 caliber, Glock Model 23 semi-automatic pistol, serial number GBC837, with magazine and with attached laser seized from the Defendant in Secaucus, New Jersey; (iii) a .40 caliber Taurus Model PT940 semi-automatic pistol, serial number SRJ76310, with magazine seized from Xavier Williams in Secaucus, New Jersey; (iv) a 12-gauge, Franchi semi-automatic shotgun, serial number AA08624, with attached sling seized from a residence in Hillside, New Jersey; (v) a 9 millimeter caliber HS Products, Model XD-9 semi-automatic pistol, serial number MG712071, with attached laser seized from a residence in Hillside, New Jersey; and (vi) assorted ammunition and firearm components and accessories seized from a residence in Hillside, New Jersey (the "Specific Property");

WHEREAS, on or about February 21, 2019, following a jury trial, the Defendant was convicted of Counts One and Two of the Indictment;

WHEREAS, the Government seeks forfeiture of the Specific Property which constitutes proceeds traceable to the offense charged in Count One of the Indictment and/or property used, or intended to be used, to commit, or to facilitate the commission of, the offense charged in Count One of the Indictment; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One of the Indictment, of which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, TYRONE WOOLASTON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control.

4.      Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property.  Any person, other than the Defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official

government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.     The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

6.     Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

8.     This Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

9.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10.     The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One Saint Andrews Plaza, New York, New York 10007.

Dated: New York, New York
      December 18, 2020

SO ORDERED:

_____
HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE